UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER LEE ATWELL,

                     Petitioner,

-vs-                                                                     Case No. 8:09-cv-744-T-17TGW

SECRETARY, DEPT. OF CORRECTIONS,

                     Respondent.
_____/

## ORDER

Before this Court is WALTER LEE ATWELL (Petitioner)'s, timely-filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition attacks Petitioner's convictions for three counts of Robbery With A Firearm and four counts of Kidnapping rendered in the Thirteenth Judicial Circuit in Hillsborough County, Florida, in state circuit case number 02-2417. A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

On August 20, 2002, Petitioner, along with co-defendant Lonshae Malik Hill, was charged by Supercedes Information with four counts of Robbery With A Firearm and four counts of Kidnapping, resulting from the robbery of four victims in a flower shop on January 24,

2002. (Exh 25: Vol. 1: R 23-30).[1] The case proceeded to jury trial before the Honorable Barbara Fleischer, Circuit Judge, on July 14, 2003. Petitioner was represented at trial by Assistant Public Defender Samantha Ward. The jury found Petitioner guilty of all eight counts as charged. (Exh 25: Vol. 1: R 77-81). On July 16, 2003, 2003, the court sentenced Petitioner to concurrent life sentences on all counts as a Prison Releasee Reoffender. (Exh 25: Vol. 1: R 85-97).

Summary of the Facts Adduced at Trial

Janice Wall is the owner of a florist's shop named "A Petal's Touch" (R 249-250).[2] Two men walked into the shop and one of them asked to speak to Wendy Childers, who worked in the shop (T 250). As Janice turned to go and get Wendy, Petitioner's co-defendant, Lonshae Hill, held a gun to Janice's head (T 250-251, 263). Wendy walked into the front of the shop (T 255). Hill held the gun up to Wendy's mouth (T 255). A third person, Shirley O'Cain, also walked into the front of the shop from the back (T 256). Shirley did not work either for Janice or for A Petal's Touch; she was a friend of Wendy's and was just visiting (T 256). A fourth person, Janice's daughter, Kim Wall, entered the shop (T 257). Kim also works at A Petal's Touch (T 293). The three women shouted to Kim to get out of the store. Hill pointed the gun at Kim's back, so the women shouted for Kim to stop (T 257). Hill then made the four women sit on the floor in another room in the back of the store (T 257, 261).

Atwell took Wendy to the cash register and made her open it (T 257-258). Wendy took money out of the register and placed it on the counter (T 379). Janice did not remember how

---

[1] The five-volume record on direct appeal is attached as Respondent's Exhibit 25.

[2] The trial transcript is contained in Volume 3 (T 214-413) and Volume 4 (T 414-588) of the record on appeal.

much money she had in the cash register, but it "wasn't a lot" (T 262). Janice usually keeps about $50.00 in the register (T 263). Atwell learned where the security camera was located, and then ripped the camera out of the ceiling (T 257-258, 260). Hill began to get upset because there was not a lot of money in the shop (T 261). Atwell made Wendy lie on the floor and kicked her a couple of times in the head and/or face (T 260, 261). The men emptied Shirley's purse and took $80.00 (T 354-355). The men also emptied Wendy's purse and took about $140.00 or $150.00 (T 380-381). Janice told two men that her purse was in her truck and that the keys to the truck were on the desk (T 261). Atwell took about $150.00 in cash and Janice's cell phone out of the truck (T 261-262).

The men ordered Janice, Shirley, and Kim to sit down against the wall in the hallway. Atwell bound the three women's hands behind their backs, and covered their eyes and mouths with duct tape (T 265, 297, 353, 383-384). The robbery incident took about fifteen minutes (T 267). The men left and Janice and her daughter removed the tape from themselves. (T 267-268). Wendy needed help to untie herself (T 385).

Janice, Kim, and Wendy identified the defendant from a photo pack (T 460-465). Shirley was not able to identify the defendant from the photo pack (T 466). All four victims positively identified Atwell at trial. (T 260, 295-296, 347-348, 377). After Atwell's arrest, a deputy from the Hillsborough County Jail contacted Detective Janet Hevel and told her that Atwell wished to speak with her (T 466-467). Hevel met with Atwell at the jail (T 468). Hevel advised Atwell of his Miranda[3] warnings[4] (T 469). Atwell confessed to having participated in the robbery and

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L..Ed. 2d 694 (1966).

[4] Detective Hevel testified at trial regarding the consent form she read to Petitioner: "It's a consent to be interviewed form. And what I read is this is a consent to be interviewed

kidnapping crimes, including taking the items from Janice's truck, but maintained that he merely acted as the lookout (T 473-485). Detective Hevel taped the confession and the prosecution played the tape in open court (T 473-485).

James Victory, a police crime scene technician, lifted fingerprints from the store's front entrance door and from the driver's door handle on Janice's truck (T 433, 435). Brian Jones, a police latent fingerprint specialist, examined the prints and positively concluded that the print on the door handle of Janice Wall's vehicle belonged to Atwell (T 451-452).

After his arrest, but before trial, Petitioner mailed a letter to Janice Wall at her home address admitting his participation in the robbery. This document was admitted in evidence as State's Exhibit 15. (Exh 25: Vol. 3: T 272-273).

Direct Appeal

Petitioner pursued a direct appeal. Special Assistant Public Defender Mark C. Katzef, Petitioner's appellate attorney, filed an initial brief (Exhibit 1) raising one issue:

> THE TRIAL COURT ERRED IN DENYING THE MOTION FOR JUDGMENT OF ACQUITTAL.

The State filed its answer brief. (Exhibit 2). On November 17, 2004, in Case No. 2D03-3522, the Second District Court of Appeal filed a written opinion affirming in part, and reversing in part. (Exhibit 3). *Atwell v. State*, 886 So. 2d 421 (Fla. 2d DCA 2004). The appellate court affirmed all convictions and sentences except the conviction and sentence for one count

---

form concerning the offense of armed robbery. You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in a court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questions. You have the right to use any of these rights at any time you want during this interview." (Exh 25: Vol. 4: T 469).

of robbery against one of the victims, which the court ordered to be vacated. The mandate was issued on December 10, 2004. (Exhibit 4).

First Rule 3.850 Motions for Postconviction Relief

On October 27, 2005, Petitioner filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). He filed an amended motion on November 21, 2005. (Exhibit 6). On August 25, 2006, before the court ruled on the motions, Petitioner filed a motion for voluntary dismissal of the motions without prejudice. (Exhibit 7). On September 1, 2006, the trial court rendered an order granting the motion for voluntary dismissal of the motions for postconviction relief. (Exhibit 8).

Petition for Writ of Habeas Corpus

On August 21, 2006, Petitioner filed a petition for writ of habeas corpus in the Second District Court of Appeal, alleging that appellate counsel was ineffective for failing to raise as fundamental error on direct appeal the issue that the law enforcement officers utilized a defective *Miranda* rights form. (Exhibit 9). On September 20, 2006, in Case No. 2D06-3844, the appellate court filed an order denying the petition without discussion. (Exhibit 10). *Atwell v. State,* 939 So. 2d 99 (Fla. 2d DCA 2006)[table].

Rule 3.850 Motion to Vacate and Set Aside Judgment and Sentence

On August 28, 2006, prior to the court granting Petitioner's motion to voluntarily dismiss the previous Rule 3.850 motions, Petitioner filed another pro se motion to vacate and set aside judgment and sentence pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 11). Petitioner raised four grounds alleging ineffective assistance of trial counsel and one claim of fundamental error: (1) ineffective assistance of counsel for failure to file a motion to suppress Defendant's custodial statement, which was obtained by use of a defective *Miranda*

form; (2) ineffective assistance of counsel for failure to object to an in-court identification of Defendant; (3) ineffective assistance of counsel for failure to file a motion to suppress evidence pertaining to the duct tape allegedly used in the perpetration of the crime, where the tape had been discarded by law enforcement prior to trial; (4) ineffective assistance of counsel for failure to object to the trial court's striking of an acceptable juror; and (5) fundamental error occurred due to the use of a defective *Miranda* form which did not inform Defendant of the right to have counsel present during questioning, and the right to discontinue questioning at any time.

The state postconviction court addressed grounds one and five of the motion collectively, stating as reasons therefor:

> As delineated in his Motion, ground one alleges ineffective assistance of counsel for failure to file a motion to suppress Defendant's custodial statement, and ground five of his Motion alleges that the form used to inform him of his Miranda rights was constitutionally defective, constituting fundamental error. As ground one is based on ground five - because the two grounds combined allege that counsel should have filed a motion to suppress statements obtained as a result of a defective *Miranda* form - the court finds that it will address these grounds collectively as "ground one."

Order to Respond, and Order Denying, in Part, 3.850 Motion to Vacate and set Aside Judgment and Sentence at page 1, n. 1.

On October 24, 2006, the postconviction court issued an order summarily denying ground four, and directed the State to respond to grounds one, two, and three. (Exhibit 12). The State filed its response on November 22, 2006. (Exhibit 13). Petitioner filed a response to the State's response. (Exhibit 14). Thereafter, on March 8, 2007, the court issued a final order summarily denying Petitioner's motion to vacate and set aside judgment and sentence. (Exhibit 15).

Petitioner appealed the adverse rulings. No brief were filed by either party. (Exhibit 16). On April 4, 2008, in Case No. 2D07-1702, the state appellate court filed a written opinion affirming the lower court's denial of postconviction relief. (Exhibit 17). *Atwell v. State*, 978 So. 2d 252 (Fla. 2d DCA 2008). The appellate court affirmed in all respects but as to Atwell's claim that defense counsel was ineffective for failing to move to suppress the statements that he made to two police detectives after he was given inadequate *Miranda* warnings. Petitioner claims that one of the detectives informed him of his rights by reading from a defective *Miranda* form used by the Tampa Police Department. Among other things, he asserts that he was not informed of his right to have counsel present during questioning. The court's mandate issued on April 29, 2008. (Exhibit 18). With the court's permission, Petitioner filed a pro se motion for rehearing en banc on May 13, 2008. (Exhibit 19). The appellate court treated the motion as a motion for rehearing and denied the motion on June 5, 2008. (Exhibit 20).

Petitioner sought discretionary review in the Florida Supreme Court. (Exhibit 21). On March 11, 2009, in case no. SC08-1262, the Florida Supreme Court filed an order declining to accept jurisdiction and denying the petition for review. (Exhibit 24). *Atwell v. State*, 6 So. 2d 607 (Fla. 2009) (table).

STANDARDS OF REVIEW

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly

established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## THE PRESENT PETITION

Petitioner raises six grounds for relief in his present petition.

### GROUND ONE

Trial counsel was ineffective for failing to move to suppress the statements that Petitioner made to two police detectives after he was given inadequate Miranda warnings.

### GROUND TWO

Trial counsel was ineffective for failing to object to an in-court identification of Petitioner.

### GROUND THREE

Trial counsel was ineffective for failing to file a motion to suppress evidence pertaining to the duct tape allegedly used in the perpetration of the crime, which had not been preserved.

GROUND FOUR

Trial counsel was ineffective for failing to object to the trial court's striking of an acceptable juror.

GROUND FIVE

Fundamental error occurred due to the use of a defective *Miranda* form which did not inform Defendant of the right to have counsel present during questioning, and the right to discontinue questioning at any time.

GROUND SIX

Appellate counsel was ineffective for failing to raise a constitutional fundamental error where the law enforcement officers utilized an inadequate *Miranda* rights waiver form.

**DISCUSSION**

GROUNDS ONE AND FIVE

In ground one, Petitioner contends trial counsel was ineffective for failing to move to suppress the statements Petitioner made to two police detectives after he was given inadequate *Miranda* warnings. In ground five, Petitioner asserts fundamental error occurred due to the use of defective *Miranda* warnings which did not inform Petitioner of the right to have counsel present during questioning or his right to discontinue questioning at any time. As previously stated, the state postconviction court addressed these claims collectively because ground one of the Rule 3.850 motion was based on ground five. The order denying postconviction relief sets forth the following findings and conclusions:

> In ground one of his Motion, Defendant alleges ineffective assistance of counsel for failure to file a motion to suppress Defendant's custodial statement. Specifically, Defendant contends that the form used to inform him of his *Miranda* rights was constitutionally defective, as it failed to inform him of his right to have a lawyer present during questioning and the right to discontinue questioning at any time. Defendant alleges that, because the *Miranda* form was defective, and because Defendant's custodial statements were made following that defective form, counsel should have filed a motion to suppress Defendant's statements.

> Failure to do so prejudiced Defendant, he argues, as the statements were used by the State to establish his guilt at trial. In its Response, the State explains that Defendant cannot demonstrate prejudice as a result of counsel's failure to file a motion to suppress Defendant's custodial statement as the State presented an overwhelmingly strong case that involved ample evidence apart from Defendant's statement. (See State's Response, Trial Transcript, July 15, 2003, pp. 260, 27 1-273, 295-296, 347-348, 377, 451, 457-465, attached). The Court finds the State's Response to be persuasive, and finds that, in light of the evidence presented at trial, Defendant has failed to demonstrate prejudice as a result of counsel's alleged deficiency. As such, Defendant has not met his burden under Strickland, and thus warrants no relief on ground one of his Motion to Vacate and Set Aside Judgment and Sentence.

Exh 15: Order Denying 3.850 Motion to Vacate and Set Aside Judgment and Sentence at pages 1-2.

This issue was raised in the postconviction appeal and addressed by the district court of appeal in its written opinion. The appellate court agreed that the record conclusively shows Petitioner is not entitled to any relief because he cannot establish prejudice under *Strickland*. This assessment of the merits of Petitioner's argument is objectively reasonable under the facts and circumstances of Petitioner's case. The state court's rejection of Petitioner's claim did not result in a decision that is contrary to, or involved an unreasonable application of the Supreme Court's holding in *Strickland v. Washington* and did not constitute an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, the denial of grounds one and five is entitled to deference by this Court under the standard enunciated in the AEDPA and Petitioner's first claim must be denied.

Furthermore, Petitioner's claims have no merit. In *Powell v. Florida*, 130 S. Ct. 1196 (2010), upon which Petitioner relies in his reply, and on which he states that this case hinges, the United States Supreme Court found that the form of *Miranda* warnings given by [Tampa] city police officers, stating that the suspect had "the right to talk to a lawyer before answering

any of [the officers'] questions," but also containing a catch-all provision stating that, with respect to the various rights recited in the warnings, "[y]ou have the right to use any of these rights at any time you want during this interview," reasonably conveyed to the suspect that the right to counsel applied "during" interrogation. These were the exact same warnings that Petitioner Atwell was given by the Tampa Police Department and about which he complains, to no avail, in grounds one and five.

Grounds one and five do not warrant federal habeas corpus relief.

GROUND TWO

Petitioner asserts his trial attorney was ineffective for failing to object to an in-court identification of Petitioner by State's witness Shirley O'Cain. Specifically, Petitioner seems to contend the witness's in-court identification of Petitioner was inadmissible because she had failed to identify Petitioner from the photopack shown to her prior to trial. The state postconviction court reasonably denied this claim, finding that even if defense counsel had successfully sought suppression of Ms. O'Cain's in-court identification testimony, Petitioner could not prove prejudice in light of the solid identification of Petitioner by the other three victims/eyewitnesses. The postconviction court's final order states as follows:

> In ground two of his Motion, Defendant alleges ineffective assistance of counsel for failure to object to an in-court identification of Defendant. Specifically, Defendant contends that counsel should have objected to Shirley O'Cain's in-court identification of Defendant because O'Cain had been unable to identify Defendant previously from a photo pack, and thus her ability to identify him in court should have been questioned. In its Response, the State explains that Defendant cannot demonstrate prejudice as a result of counsel's failure to object to this in-court identification. (See State's Response, attached). Specifically, the State argues that, even if counsel had objected and the court had sustained that objection, such would not have offset the eye-witness testimony of the remaining three victims, all of whom were able to identify Defendant. (See State's Response, Trial Transcript, July 15, 2003, pp. 260, 295-296, 347-348, 377, 457-465, attached). The Court finds the State's Response to be persuasive, and

> finds that, in light of the fact that Defendant was identified by several other witnesses, Defendant has failed to demonstrate prejudice as a result of counsel's alleged deficiency. As such, Defendant has not met his burden under Strickland, and thus warrants no relief on ground two of his Motion to Vacate and Set Aside Judgment and Sentence.

Exh 15: Order Denying 3.850 Motion to Vacate and Set Aside Judgment and Sentence at page 2.

The state postconviction court's denial of this claim is reasonable. Even if trial counsel's failure to challenge the admissibility of Ms. O'Cain's identification testimony is considered to be deficient performance, in light of the overwhelming evidence of Petitioner's participation in the robberies and kidnappings, Petitioner would have been found guilty by the jury absent such testimony. Even if counsel succeeded in suppressing the in-court identification by Ms. O'Cain, that factor would not have reasonably resulted in a different outcome at trial. The lack of one in-court identification would not have offset the eyewitness testimony of the remaining three victims. Nor would it have overcome the fingerprint evidence found at the scene and matched with Petitioner's fingerprints. The suppression of this single identification of Petitioner would have done nothing to offset the incriminating statement made by Petitioner himself. Finally the suppression of Ms. O'Cain's identification of Petitioner would not erase the incriminating statements made by Petitioner in the letter he wrote, signed, and sent to the victim, Ms. Janice Wall. Petitioner failed to satisfy either of the requirements of *Strickland*.

Ground two does not warrant habeas corpus relief.

## GROUND THREE

Petitioner faults trial counsel for failing to file a motion to suppress evidence pertaining to the duct tape allegedly used in the perpetration of the crime. The duct tape had not been preserved. The state postconviction court's rejection of this claim is objectively reasonable

because Petitioner did not and cannot establish deficient performance or prejudice. At trial, all four victims testified that the assailants bound their hands, feet, and eyes with duct tape. The tape was later retrieved from the crime scene and tested for fingerprints. The crime scene technician testified that no prints were found; therefore, the tape was discarded because it lacked evidentiary value. (Exh 25: Vol. 3: T 439). Petitioner did not provide any basis for filing a motion to suppress the trial witnesses' testimony concerning the use of the duct tape, and the postconviction court properly denied this claim as follows:

> In ground three of his Motion, Defendant alleges ineffective assistance of counsel for failure to file a motion to suppress evidence pertaining to the duct tape allegedly used in the perpetration-of-the crime. Specifically, Defendant contends that counsel's failure to file such a motion prejudiced Defendant, as the evidence relating to the duct tape led to Defendant being convicted of four counts of Armed Kidnapping. In its Response, the State explains that there was no legal basis for a motion to suppress evidence pertaining to the duct tape given the testimony of the victims and witnesses. (See State's Response, Trial Transcript, July 15, 2003, pp. 265-267, 297-298, 353-354, 376, 383-384, 478, 422-423, attached). The Court finds the State's Response to be persuasive, and finds that Defendant has failed to demonstrate how counsel was deficient. As such, the Court finds that Defendant warrants no relief on ground three of his Motion to Vacate and Set Aside Judgment and Sentence.

Exh 15: Order Denying 3.850 Motion to Vacate and Set Aside Judgment and Sentence at page 3.

At trial, the victims all described the binding of their hands, feet, and eyes with duct tape. This testimony was admissible and appropriate, regardless of whether the duct tape itself was produced as evidence at trial. Because Petitioner could state no legal basis for suppressing this testimony, Petitioner's trial counsel was not deficient, and Petitioner suffered no prejudice, from counsel's failure to file a motion to suppress. Petitioner has not satisfied the requirements of *Strickland* and ground three does not warrant habeas corpus relief.

## GROUND FOUR

Petitioner contends that trial counsel was ineffective for failing to object to the trial court's striking of an acceptable juror. Specifically, in his Rule 3.850 motion, Petitioner contended the trial court struck potential juror Diane Scott, despite both the State and the defense approving her as a juror. He alleged further that the trial court struck Scott, who is African-American, without providing a race-neutral reason. In its order denying relief, the state court correctly noted that the record reflects, however, that Scott was struck for cause as a potential juror based on her views on a defendant's right to remain silent. The order states in pertinent part:

> In ground four of his Motion, Defendant alleges ineffective assistance of counsel for failure to object to the trial court's striking of an acceptable juror. Specifically, Defendant contends that the trial court struck potential juror Diane Scott, despite both the State and the defense approving her as a juror. Defendant alleges further that the trial court struck Scott, who is African-American, without providing a race neutral reason. As such, Defendant argues that counsel should have objected, and that counsel's failure to do so prejudiced Defendant. A review of the record reflects, however, that Scott was struck for cause as a potential juror based on her views on a defendant's right to remain silent. (See Transcript, July 14, 2003, Volume II, p. 194, attached). [FN 2]
>
> > [FN 2] The transcript refers to the potential jurors by number, and Scott was number 24, as delineated [on the] jury panel list. (See Jury Panel List, attached).
>
> Specifically, Scott stated during voir dire that, if a defendant chose not to testify, the idea that his choice could be based on guilt would be in the back of her mind, regardless of her knowing that defendant had an absolute right not to testify. (See Transcript, July 14, 2003, Volume II, pp. 159- 162, attached). The Court notes further that all those potential jurors who shared this view were all struck for cause. (Transcript, July 14, 2003, Volume II, pp. 159-163, 194, attached). The Court finds, therefore, that the trial court's striking of Scott as a potential juror was appropriate, and thus counsel cannot be deemed ineffective for failing to object. As such, Defendant warrants no relief on ground four of his Motion for Post-Conviction Relief.

Exh 12: Order to Respond, and Order Denying, in Part, 3.850 Motion to Vacate and Set Aside Judgment and Sentence at page 4.

During voir dire, prospective juror Scott, as well as several other prospective jurors, stated Petitioner's failure to testify would create doubt in their minds, regardless of the court's instruction not to consider it. (Exh 25: Vol. 2: T 160-161). When the jury selection process began, the following exchange occurred:

> THE COURT: Okay. Now, are you ready?
>
> MS. WARD [Defense Counsel]: Yes, judge.
>
> THE COURT: Let's review the ones that are going to be excused for cause. Whe [sic] did these already. 1, 2, 3, 4. Did we do 6? I got so many checks I can't remember.
>
> THE CLERK: Seven was done also.
>
> THE COURT: Seven, okay. 11, 12, 13, 17, 22, 25. Is that right?
>
> THE CLERK: That's what I have, judge.
>
> THE COURT: I had some more checks. Okay. Any for cause, any additional?
>
> MS. WARD: 14, 18 and 24.
>
> THE COURT: Wait a minute. 14-- that was Mr. Cothern.
>
> MS. WARD: All on the right to remain silent issue.
>
> THE COURT: Right, every single one of them. 14, 18 and 24 they are all gone for cause.

(Exh 25: Vol. 2: T 194. It is not clear from the record whether the trial court acted sua sponte or whether counsel for one or both parties requested the objectionable jurors be stricken for cause. In any event, Petitioner should not be heard to complain about the striking of a juror who was unable to abide by the law and who would likely allow Petitioner's failure to take the stand adversely affect her decision regarding Petitioner's guilt or innocence. The postconviction court's ruling is objectively reasonable and ground five does not warrant habeas corpus relief.

GROUND SIX

Petitioner contends appellate counsel was ineffective on direct appeal for failing to raise an issue of constitutional fundamental error where the law enforcement officers utilized an inadequate *Miranda* rights waiver form. This claim has no merit. Appellate counsel cannot be deemed ineffective for failing to raise on direct appeal an issue that had no chance of success. Petitioner is not entitled to relief because the claim was not preserved for review and is procedurally barred. Moreover, even if error occurred, it was neither fundamental nor harmful. Because the *Miranda* issue was not preserved for review, if appellate counsel wished to raise this issue on direct appeal, counsel was required to show that the admission of Petitioner's statements to police constituted fundamental error. *See Jackson v. State*, 983 So. 2d 562, 568 (Fla. 2008)("Errors that have not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental."). Appellate counsel's failure to raise this issue did not amount to ineffectiveness, however, because the alleged inadequate Miranda warning error was not harmful, much less fundamental.

"[I]n order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960). No Florida court has ever held that the type of defect in the *Miranda* warnings which allegedly exist in Petitioner's case constitutes fundamental error which should be corrected at any time. *Robinson v. State*, 943 So. 2d 860, 861 (Fla. 4th DCA 2006). As in *Robinson*, Petitioner has not demonstrated that the defect in the warnings in his case was even harmful, much less fundamental. *Id. See also, Castano v. State*, 920 So. 2d 707 (Fla. 4th DCA 2006), where the district court of appeal held:

> In *Phillips v. State*, 877 So.2d 912 (Fla. 4th DCA 2004), *review denied*, 898 So.2d 81 (Fla. 2005), we held the fundamental error doctrine does not apply to situations where the defendant asserts for the first time on appeal that the trial court erred by not suppressing statements made after the defendant received inadequate *Miranda* warnings. Consequently, Castano is not entitled to relief. See *Archer v. State*, 613 So. 2d 446, 448 (Fla. 1993) (stating "[f]or an issue to be preserved for appeal, ... it 'must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved' ") (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985)).

*Id.* at 708.

Petitioner properly raised the *Miranda* claim in his Rule 3.850 motion as ineffective assistance of trial counsel for failing to preserve the issue. The state appellate court affirmed the denial this claim in its written opinion, concluding Petitioner could not establish prejudice under the *Strickland* two-part test. See *Atwell v. State,* 978 So. 2d 252 (Fla. 2d DCA 2008). Similarly, in the direct appeal, appellate counsel would not have prevailed if he had raised the issue of the inadequacy of the *Miranda* warnings because the admission of Petitioner's custodial statements at trial, even if erroneous, was harmless. By definition, any harmless error cannot constitute fundamental error. See *Reed v. State*, 837 So. 2d 366, 370 (Fla. 2002). In light of the evidence adduced during Petitioner's trial, which included, inter alia, the identification of Petitioner by the four victim/eyewitnesses, the existence of Petitioner's fingerprint on the victim's vehicle, and the incriminating letter Petitioner sent to one of the victims, the admission of Petitioner's voluntary statements to law enforcement officers was harmless.

Ground six does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Petitioner's petition is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

# CERTIFICATE OF APPEALABILITY AND
# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 20, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Walter Lee Atwell